**FISCHER & PORTER COMPANY**

v.

**James F. HASKETT and Capital Controls Co., Inc.**

**Civ. A. No. 42087.**

United States District Court,
E. D. Pennsylvania.

March 16, 1971.

John M. Calimafde, Sandoe, Hopgood & Calimafde, New York City, Julius H. Tolson, Malis, Tolson & Malis, Philadelphia, Pa., for plaintiff.

David M. Bressler, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

HANNUM, District Judge.

Presently before the court is defendants' renewed motion for partial summary judgment with respect to that part of plaintiff's declaratory judgment complaint that asserts a claim of ownership over the patent in suit. The declaratory judgment action requested the court to declare defendant James F. Haskett's patent invalid or, in the alternative, to declare that plaintiff is the rightful owner of the patent.

The patent in suit is directed to a tank mounted gas chlorinator which is a combination of several mechanical devices, the aggregate function of which is to control, meter and adjust the admission of chlorine into water or some other liquid. The distinguishing feature of the chlorinator in the present suit is that it is mounted directly on the cylinder or tank containing the chlorine gas, as opposed to being mounted off of or away from the cylinder and connected thereto by some manner of tubing. This "tank-mounting" thereby alleviates the problem of corrosion in the connecting pipe or tubing which was encountered when the chlorinator was mounted off of or away from the tank.

The sole question presented for the court's consideration is whether there exists a genuine issue as to any material fact with regard to the claim of ownership. This matter came before the court on a prior motion which, at that time, was denied without prejudice to allow further opportunity for discovery. The motion for summary judgment will again be denied.

The motion for summary judgment assumes no issue of material fact. The precise question, therefore, is whether there exists any genuine issue of material fact regarding the time of conception of the invention by Haskett. It is clear

that the party who moves for summary judgment has the burden of demonstrating that there is no genuine issue of material fact. Fairbanks Morse & Co. v. Consolidated Fisheries Co., 190 F.2d 817, 824 (3d Cir. 1951). Similarly, " * * * all doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment." Toebelman v. Missouri-Kansas Pipe Line Co., 130 F.2d 1016, 1018 (3d Cir. 1942).

Plaintiff contends that defendant Haskett conceived of the invention while in the employ of plaintiff and, pursuant to an employment agreement, the plaintiff is thereby the rightful owner of the patent. Plaintiff's claim of ownership is based primarily on several conversations taking place in plaintiff's plant wherein Haskett suggested or made reference to the idea of mounting "it" or the "regulator" on the tank. Defendant claims that taking these conversations, and whatever implications can be drawn from them, in the light most favorable to plaintiff, there is still insufficient evidence to show that Haskett conceived of the invention while in plaintiff's employ, and therefore no genuine issue of fact. This may well be so. It appears on the face of the record before the court that defendants' motion has substantial merit. However, due to the severity of summary disposition, and the technical nature of the subject matter, an abundance of caution will control the ruling on this motion. A comment by Judge Chase is particularly appropriate in this situation. He stated:

> "Were we skilled in the art it might be simple to determine whether there was any "genuine issue" as to any material fact with respect to * * * anticipation * * *, but we lack that special knowledge which would permit us to read the patents so understandingly and this record is barren of proof to enable us to do so." Bridgeport Brass Co. v. Bostwick Laboratories, 181 F.2d 315, 319 (2d Cir. 1950).

■ ■ While we are here dealing with conception and not anticipation, and the record before us is far from barren, the hesitancy expressed by Judge Chase in recognition of his own lack of expertise in a technical field likewise guides our thinking. At trial, of course, the burden to prove ownership will be on the plaintiff, and it now appears that that will be a heavy burden to meet. However, without benefit of personal expertise or the testimony of experts, the interests of fairness dictate that no determination be made until after an evidentary hearing. Only after being fully informed on the background of this technical field can the court be assured of its competency to make a proper decision.